ANNE A. FILLMORE *vs.* RHODE ISLAND COMPANY.

FEBRUARY 26, 1919.

PRESENT: Sweetland, Vincent, and Baker, JJ.

(1) *Carriers. Negligence. Last Clear Chance.*

In applying the doctrine of the last clear chance, the duty of one party to take action to avert the consequences of the negligence of the other, does not

arise until the peril of the negligent party is or should be apparent to the other.

(2)  Carriers.  Negligence.  Last Clear Chance.

Where intestate was driving an automobile truck along. a highway in a country district, at a speed of six or seven miles an hour, and at a distance of 200 feet from the tracks of an electric road had an unobstructed view of the tracks, for about 1,200 feet in the direction a car was approaching at a high rate of speed, and in fact saw the car, but without changing his speed crossed the easterly track and drove upon the westerly track where he was struck by the car, the negligence of intestate being admitted, in applying the doctrine of the last clear chance, to these facts, the motorman was entitled to assume that intestate saw the car and would stop before reaching a position of danger, and intestate must be held as a matter of law to have been still in a place of safety until he had reached a position quite near the westerly track and until he had passed that point the motorman was under no obligation to take action for his safety.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and overruled.

SWEETLAND, J.  This is an action brought under the statute by the plaintiff as the widow of Cecil M. Fillmore to recover damages for the death of Cecil M. Fillmore, alleged to have been caused by the wrongful act and neglect of the defendant's agent and servant.

The case was tried before a justice of the Superior Court sitting with a jury. At the conclusion of the plaintiff's evidence, on motion of the defendant, said justice nonsuited the plaintiff. The case is before us upon the plaintiff's exceptions to certain rulings of said justice, made in the course of the trial upon the admission and exclusion of testimony, and upon the plaintiff's exception to the ruling of said justice granting the motion for a nonsuit. At the hearing before us the plaintiff relied chiefly upon the last exception. We have examined, however, her other exceptions and do not find prejudicial error in any of the rulings to which objection is made.

It appears from the transcript of evidence that the accident which resulted in the death of Cecil M. Fillmore occurred on May 2, 1914, at about nine o'clock in the forenoon and that the weather on said day was clear. Just

previous to the accident Mr. Fillmore was operating an automobile truck on one of the highways of the town of Warwick referred to in- the evidence as the Palace Gardens Road. Said highway runs practically east and west and crosses the roadbed of the defendant railroad company at right angles and at grade. At said crossing is a sign facing the east on which is painted in large letters the words, "Stop, look and listen, railroad crossing." Said crossing is in a country district; the land about it is level and not built upon. Said railroad roadbed is straight for a long distance to the north and to the south of said crossing and on the roadbed at this point two tracks of the defendant are laid on which the defendant's cars are operated by electricity. On said morning the plaintiff's intestate approached said crossing from the east at a speed of six or seven miles an hour. With Mr. Fillmore on the seat of said truck, and to his right, was Mr. Frederick W. Colclough. When about two hundred feet east of the crossing Mr. Fillmore had an unobstructed view of the track of the defendant for about twelve hundred feet to the north. At that point Mr. Colclough called. Mr. Fillmore's attention to a large and heavy construction car of the defendant approaching the crossing from the north at a very high rate of speed upon the westerly track of the defendant. Mr. Fillmore then said that he saw the car. Without changing the speed of his truck Mr. Fillmore crossed the easterly track of the defendant and drove upon the westerly track where said truck was struck between the right hand forward and rear wheels by said construction car. Mr. Fillmore was thrown to the ground and killed.

The negligence of Mr. Fillmore is plain and undisputed. The plaintiff does not question it, but invokes in support of her action the so-called doctrine of the last clear chance. That doctrine, as it has been applied in this State, required that when the defendant's motorman, who was operating said construction car, saw or in the exercise of reasonable care should have seen that the plaintiff's intestate was in

or was about to place himself in a position of danger, said motorman should take such action as was reasonable in the emergency to check the speed of his car, or to stop it, and if possible avert the consequences of the intestate's neglect. An important element in the above proposition is that the motorman's duty to so act did not arise until said intestate's peril was or should have been apparent to the motorman. (1) In the circumstances it was clear that Mr. Fillmore did not have the right of way across the westerly track and that it was grossly negligent for him to drive his truck upon said track immediately in front of the approaching car. The motorman was entitled to assume that Mr. Fillmore saw the approaching car, as in fact he did, that Mr. Fillmore would not act in disregard of his own safety, and that before he reached a position of danger he would stop and wait until the construction car had passed over the crossing. At the rate of speed at which he was approaching said westerly track Mr. Fillmore at any time could have stopped his truck in a very short space. He must be held, as matter of law, to have been still in a place of safety until he had reached a position quite near said westerly track; and in the circumstances of this case it must be held that until he had passed beyond that point the motorman had no reason to be apprehensive of danger to Mr. Fillmore, and was under no obligation to take action for his safety. When Mr. Fillmore did proceed from the position where he was clearly safe, and where the motorman had a right to assume that he would stop, and indicated that notwithstanding the recklessness of such conduct he was about to go upon the westerly track, the evidence establishes that said construction car was then so near to the crossing that it was impossible for the motorman to stop his car before it struck said truck or in any other way prevent the accident.

In support of her position the plaintiff places great reliance upon the authority of *Underwood* v. *Old Colony Street Railway Co.*, 33 R. I. 319. The facts in that case are clearly distinguishable from those of the case at bar. In

the *Underwood* case there was evidence from which the jury were justified in finding that, when it should have been apparent to the motorman operating the defendant's electric car that the plaintiff's testator was about to proceed into a place of danger upon defendant's track, the electric car was so far from the point of collision that its motorman had ample opportunity to then check the speed of his car or if need be to stop it and thus prevent the accident.

We are of the opinion that in the circumstances of this case the finding would be entirely unwarranted that the defendant's motorman had the last clear chance to prevent the accident which resulted in the death of Mr. Fillmore; or that the defendant or its servant was guilty of any negligence in the premises.

The plaintiff's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the nonsuit.

*Waterman & Greenlaw (Charles E. Tilley,* of counsel), for plaintiff.

*Clifford Whipple, Alonzo R. Williams,* for defendant.