JACOB J. LEVEIN *vs.* RHODE ISLAND CO.

JULY 7, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Negligence.   Last Clear Chance.   Carriers.*

Plaintiff was driving his automobile toward an intersecting street on which he knew street cars were operated. His line of vision was obstructed. Plaintiff not seeing any car nor hearing any warning continued to drive his machine at the rate of 8 or 10 miles an hour into the intersecting street around a truck which stood on the corner and when the front part of his machine was on the track he looked to his right and saw a trolley car coming toward him, and was hit and injured.

*Held*, that it was the duty of plaintiff to look along defendant's track immediately before driving upon it.

*Held*, further, that the doctrine of the last clear chance did not apply as the motorman had the right to assume that plaintiff would not drive his machine onto the track when the approaching trolley car was so close to the place of crossing.

*Held*, further, that the motorman's duty to act to avert the consequences of plaintiff's negligence did not arise until plaintiff's peril was or should have been apparent to him.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff and overruled.

SWEENEY, J.   This is an action of trespass on the case for negligence to recover damages for injuries done to the plaintiff's automobile when it was run into by the defendant's trolley car. At the conclusion of the testimony introduced in behalf of the plaintiff he was adjudged nonsuit and the case is now before this court on his exception to this ruling.

The testimony proves that in the city of Woonsocket, Transit street intersects Park avenue almost at right angles; that the defendant operates a single trolley track on said Park avenue; that at the time of the accident the plaintiff was driving his automobile over Transit street towards Park avenue and when he arrived at Park avenue he intended to turn to his right and go south. The plaintiff knew that trolley cars were operated on Park avenue and, as he approached the street corner, he looked to his right to see if

there were any vehicles approaching and he could see none at the time. His line of vision was obstructed by a store which comes to the edge of the sidewalk upon each street at this corner, and there was also a covered baker's wagon standing in front of the store on Park avenue, and between the wagon and the corner there was an automobile truck. The plaintiff, not seeing any trolley car at the time, nor hearing any warning, continued to drive his automobile at the rate of eight or ten miles per hour over Transit street into Park avenue around the truck, and as he proceeded into Park avenue, and when the front part of his automobile was on the trolley track, he looked to his right and saw a trolley car coming towards him from the south. He was unable to get across the track before the trolley car struck his automobile on its right side, near the front door, and the trolley car pushed the automobile six or seven feet before it stopped. The plaintiff's testimony showing the above facts, and other facts related thereto, the court ruled that the plaintiff was guilty of negligence which contributed to the injury and adjudged him nonsuit.

This case comes within the law as laid down in *Ricker* v. *R. I. Co.*, 107 Atl. 72, wherein this court said: "The plaintiff knew of the existence of the defendant's car track at the foot of Freehold avenue and that an electric car of the defendant was liable at any time to be passing on said track. He knew that his view of said track and of an approaching car was completely cut off until he came within about ten feet of the easterly rail of said track. Before he drove his automobile out of a place of safety into one of possible danger, on or near the track, it was his duty in the exercise of reasonable care to ascertain that no car of the defendant was so near as to deprive him of the right of way across said track and to render his crossing dangerous."

It is well established law that it was the duty of the plaintiff to look along the defendant's track immediately before driving upon it. *Beerman* v. *Union R. R. Co.*, 24 R. I. 275; *Frey* v. *R. I. Co.*, 37 R. I. 96; *Gettler* v. *R. I. Co.*, 31 R. I.

534; *Brien* v. *R. I. Co.*, 99 Atl. 761; *Hambly* v. *Bay St. Ry. Co.*, 100 Atl. 497.

The doctrine of the last clear chance does not apply to the present case, because the motorman had the right to assume that the plaintiff would not drive his automobile onto the trolley track when the approaching trolley car was so close to the place of crossing. The plaintiff claims that he could not see the approaching electric car on account of the obstruction of his line of vision by the store, the truck and the bakery wagon, and for the same reason it cannot be expected that the motorman would see the plaintiff's approaching automobile. The doctrine of the last clear chance "as it has been applied in this state, required that when the defendant's motorman, who was operating said construction car, saw or in the exercise of reasonable care should have seen that the plaintiff's intestate was in or was about to place himself in a position of danger said motorman should take such action as was reasonable in the emergency to check the speed of his car, or to stop it, and if possible avert the consequences of the intestate's neglect. An important element in the above proposition is that the motorman's duty to so act did not arise until said intestate's peril was or should have been apparent to the motorman." *Fillmore* v. *R. I. Co.*, 105 Atl. 564.

The nonsuit was properly granted as the testimony shows that the plaintiff was guilty of negligence in not ascertaining, immediately before driving his automobile on the tracks of the defendant, that he could not cross the tracks in safety before the approaching trolley car would reach the place of crossing.

The plaintiff's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant on the nonsuit.

*James H. Rickard, Jr.*, for plaintiff.

*Clifford Whipple, Herbert E. Eklund, Mortimer G. Cummings*, for defendant.